## Illinois Central Railroad Co. v. Jacob Hileman, Administrator of Tena L. Hileman, Deceased.

1. Instructions—*To be Based upon the Evidence.*—In an action to recover damages on account of the death of a person by negligence, the giving of an instruction which tells the jury that if the deceased was guilty of gross negligence they should find for the defendant, unless the injury was caused by the willful, intentional or wantonly reckless acts of defendant's servants, where there is no evidence to support the theory that the death was caused by such acts, is error sufficient to call for a reversal of the judgment.

Memorandum.—Action for damages. Death by negligent act. Appeal from the Circuit Court of Union County; the Hon. Joseph P. Robarts, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

Green & Gilbert, attorneys for appellant.

KARRAKER & LINGLE, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On the afternoon of March 29, 1892, appellee's wife left her home in Anna to visit her sick daughter-in-law who lived on the other side of appellant's road. The day was cold, and she covered her head and ears with an article called a fascinator, and walked rapidly to the railroad tracks. Having crossed two of the tracks, she stepped upon the third, not more than from five to ten feet in advance of an engine drawing passenger coaches and running at the rate of more than ten miles an hour. She was instantly killed. This suit was brought by her husband as administrator to recover damages for her death, and a verdict for $2,000 was returned in his favor. The sum of $800 was remitted and judgment for the remainder was rendered in favor of appellee against the company.

At the point where Mrs. Hileman attempted to cross the railroad tracks, which was a public crossing, there were no obstructions, so that she could have seen the approaching train without difficulty if she had looked in that direction.

She was not seen by the engineer or fireman, according to their testimony, till she stepped upon the track in front of the engine. They swear they were looking forward along the track, and did all they could to stop the train as soon as they saw the woman's peril.

The grounds of negligence relied on by appellee were the unlawful rate of speed at which the train was running, and the failure of the company's servants to ring the bell or sound the whistle. One of the ordinances of Anna prohibited passenger trains from running faster than ten miles an hour within the corporate limits.

There was a sharp conflict as to whether or not the bell was rung. The whistle was not sounded except in the usual manner for indicating the approach to the station.

In this state of the record it was necessary that the law as to negligence should be accurately stated. We are of

I. C. R. R. Co. v. Hileman.

the opinion that the instruction given to the jury by the court of its own motion was erroneous as applied to the facts in this case. This instruction told the jury that if the deceased was guilty of gross negligence, they should find for the defendant, unless the injury was caused by the willful, intentional, or wantonly reckless acts of defendant's servants. There was no evidence to support the theory that Mrs. Hileman's death was caused by the willful or intentional acts of the engineer or fireman, and yet the instruction indicated to the jury that there was such evidence.

The objection that the amendment to the bill of exceptions is not sufficient to show exceptions to all of the instructions, need not be considered, inasmuch as an exception to the giving of the instruction under consideration was duly preserved by the bill of exceptions as originally filed. For the error indicated, the judgment is reversed and the cause is remanded.